The opinion of the Court was delivered by
Johnson, J.
We concur with the Chancellor, that the widow of Charles S. Mey was only entitled to be endowed of the one-third part of the balance of the proceeds of the sales of the real estate, after the payment of the debts due by the estate of F. C. Mey. It is true that the wife is entitled to be endowed of all the real estate whereof the husband was possessed during the coverture. But the seizin of Charles S. Mey in the lands devised to him by his father was only sub modo, and she is only entitled to be endowed after that manner. • By law, lands of one deceased are assets to pay debts, and the devisee or heir must take, and is seized, subject to that lien or incumbrance. Suppose, for instance, the debts had swallowed up the whole proceeds of the sales. In that case, Charles S. Mey would have taken nothing whereof the wife could be endowed; and yet, in law, he was seized of the lands of the testator immediately on his death.
We are of opinion, however, that the widow of Charles S: Mey is entitled to an account of the rents- and profits, or the interest, when it is reduced to money, of her dower. There is, I believe, no case in which it has been refused in Equity, and, as I understand it, the reason why she has not been allowed it at law is, that the mode of proceeding there is not adapted to such an account, and, but for our own adjudications, I should think there was no great difficulty in framing, a precedent, in analogy to our action of trespass to try titles, in which rents and profits might be recovered in the shape of damages. She has had the benefit of this rule, as we understand it, in apportioning her dower in the proceeds of the lands devised by F. C. Mey to her husband, the balance being made up of principal and interest.
*380 In tbis respect, therefore, the decree of the Circuit Court must be reformed; but in all other respects it is affirmed.
O’Neall and Harper, JJ., concurred.

Decree modified.